NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCATION AS GRANTOR TRUSTEE OF THE PROTIUM MASTER GRANTOR TRUST,<br><br>Plaintiff,<br><br>v.<br><br>BOZENA POCZOBUT and JAN POCZOBUT,<br><br>Defendants. | Civil Action No. 13-3303 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Plaintiff The Bank of New York Mellon Trust, N.A., as Grantor Trustee of the Protium Master Grantor Trust (hereinafter, "Plaintiff" or "Mellon Trust") to remand this action to the Superior Court of New Jersey. Removing Defendants Bozena and Jan Poczobut ("Defendants" or "the Poczobuts") have opposed the motion. The Court has considered the papers filed by the parties, and for the reasons discussed below, grants the motion to remand.

**I. BACKGROUND**

This is a foreclosure action, which was filed in the Superior Court of New Jersey, Chancery Division on or about April 29, 2013. According to the Complaint, in April 1995, Defendant Bozena Poczobut and her husband Jan obtained title to the property located at 312

1

Newark Avenue, Union, New Jersey (the "Property"), which apparently was at the time and continued to be thereafter the Poczobut's residence. On July 18, 2007, Defendant Bozena Poczobut executed a note in the amount of $232,000, which was secured by a mortgage on the Property. Plaintiff Mellon Trust is identified in the Complaint as the assignee of the mortgage and note. The Complaint alleges that the Poczobuts defaulted on the loan on September 1, 2010, triggering the Plaintiff's right to accelerate repayment of the debt.

The Complaint asserts three claims. Count One seeks to enforce Plaintiff's rights pursuant to the subject note and mortgage. Specifically, it pleads for an order fixing the amount due, directing that Plaintiff be paid such amount, ordering that the mortgaged property be sold, and appointing a receiver. Count Two requests entry of judgment granting possession of the mortgaged property in favor of Plaintiff or any purchaser at a sheriff's sale. Count Three seeks to impose an equitable mortgage against Jan Poczobut, whom the Complaint alleges failed to sign the subject mortgage and note due to an inadvertent clerical error.

Defendants removed the action to this Court on May 23, 2013 pursuant to 28 U.S.C. § 1441. The Notice of Removal asserts that subject matter jurisdiction exists based on both federal question jurisdiction, under 28 U.S.C. § 1331, and diversity jurisdiction, under 28 U.S.C. § 1332.

## II. DISCUSSION

In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir.2004); Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990). Section 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand. Batoff v. State Farm Ins. Co., 977

F.2d 848, 851 (3d Cir.1992). Federal district courts have limited jurisdiction, possessing "only that power authorized by Constitution and statute." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Federal statutory law mandates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(d).

Defendants have failed to demonstrate that there is federal question jurisdiction over this action under 28 U.S.C. § 1331. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded Complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Typically, then, federal question jurisdiction will lie only if the complaint pleads a federal cause of action. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986); Louisville & Nashville Railroad v. Mottley, 211 U.S. 149 (1918).

The Complaint at issue asserts rights and seeks relief under state law. No federal claim or cause of action is pled at all. Defendants argue that subject matter jurisdiction under § 1331 exists because adjudication of this matter will necessarily involve significant federal issues, including questions pertaining to the federal Fair Debt Collection Practices Act. Defendants maintain that Plaintiff's representations regarding the subject debt, efforts to collect the debt and even the foreclosure action itself may be in violation of that federal statute. This argument, however, is unavailing. Defendants cannot create federal jurisdiction by raising issues outside of

3

the Complaint or by pointing to potential federal defenses to Plaintiff's state law claims to enforce the note and mortgage on the Property. The well-pleaded complaint rule limits the jurisdictional inquiry to the claims and theories asserted in the complaint, and absent a federal question of the face of the complaint, jurisdiction will not lie even if a defense to the state law claims relies on federal law. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 12 (2003) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Trust for S. Cal., 463 U.S. 1, 10 (1983)). Indeed, it is "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393 (citing Franchise Tax Bd., 463 U.S. at 12) (emphasis in original).

Turning to diversity jurisdiction, the Court concludes that Defendants' attempt at removal on the basis of 28 U.S.C. § 1332(a) is deficient in two respects. First, Defendants fail to establish that there is diversity of citizenship between the parties. For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity, meaning all plaintiffs must be citizens of a different state or states than all defendants, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1); Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806) (holding that, for jurisdiction to attach under section 1332(a)(1), there must be complete diversity between all plaintiffs and defendants). According to the Notice of Removal, Defendants are citizens of the State of New Jersey, but no information is provided regarding the citizenship of Plaintiff Mellon Trust. Instead, Defendants simply recite the Denver, Colorado address of a limited liability company, which was given as the Plaintiff's

4

principal place of business in the Complaint.  It is not even apparent what the legal identity of the Plaintiff is, meaning whether it is a trust, a corporation or a limited liability company. Defendants fail to carry their burden of establishing that diversity jurisdiction exists.  Second, even assuming the diversity of citizenship and amount in controversy criteria of § 1332(a)(1) were satisfied, Poczobut is barred from removing the action on the basis of diversity jurisdiction under the forum defendant rule.  28 U.S.C. § 1441(b)(2).  Section 1441(b)(2) prohibits removal of action based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Id.  This action, of course, was filed in the state court of New Jersey, the state in which the removing Defendant herself is domiciled.[1]

Accordingly, the Court concludes that Defendants have failed to establish the existence of federal subject matter jurisdiction.  The case must therefore be remanded to the Superior Court of New Jersey, Chancery Division.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand will be granted.  An appropriate Order will be filed.

s/Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge

Dated:  August 5, 2013

---

[1] Bozena Poczobut notes in her papers that her husband, Jan, is deceased.  While it is not clear whether he died before or after this foreclosure action was filed, the removal papers assert that he was also a citizen of the State of New Jersey.